# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JARED HICKLE,**

    **Plaintiff,**

    v.

**AMERICAN MULTI-CINEMAS, INC.,**

    **Defendant.**

**Case No. 2:15-cv-3068**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter before the Court is Defendant American Multi-Cinemas, Inc.'s ("Defendant"), Motion to Compel Arbitration (ECF No. 73). Plaintiff Jared Hickle ("Plaintiff") filed a Response in Opposition (ECF No. 74) and Defendant has filed a Reply (ECF No. 77). For the reasons stated herein, Defendant's Motion (ECF No. 73.) is **DENIED**.

## I.

When considering a motion to compel arbitration the Court may consider both the pleadings and additional evidence submitted by the parties. *See Anderson v. Delta Funding Corp.*, 316 F. Supp. 2d 554, 558 (N.D. Ohio 2004); *see also Jones v. U-Haul Co. of Mass. & Ohio*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014) (noting that on a motion to compel the Court reviews "the pleadings and evidence submitted by the parties"); *Sroka Advance Vehicles, Inc. v. Material Handling, Inc.*, No. 1:11-cv-907, 2011 U.S. Dist. LEXIS 80588, at *6 (N.D. Ohio July 25, 2011) (internal citations omitted) (noting that on a motion to compel arbitration courts should exercise wide discretion to look beyond the complaint at documents submitted by either party). The facts relevant to this motion as laid out in the pleadings and the documents submitted by the parties are as follows.

    A. Statement of Facts

The Plaintiff is a former employee of the Defendant and claims the Defendant violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and Ohio Revised Code § 4112.02 both by failing to promote and by wrongfully terminating the Plaintiff (Am. Compl., ECF No. 2). The Plaintiff filed suit against the Defendant nearly five years ago, on December 9, 2015 (Compl., ECF No. 1). Shortly thereafter, the Defendant filed a Motion to Dismiss or Alternatively Compel Arbitration (ECF No. 6). The motion was based on an arbitration agreement to which the Defendant maintained the Plaintiff agreed. *Id.* at 1, 4. The Plaintiff denied ever agreeing to arbitrate and asserted that any signature on the document was a forgery (Def's Mot. to Compel Arbitration at 2, ECF No. 74). Due to the disagreement, the parties agreed to waive arbitration, and the Defendant moved to withdraw its Motion to Compel Arbitration in August of 2016 (ECF No. 17), which this Court granted (ECF No. 18).

On September 28, 2016, as part of its supplemental production, the Defendant produced an email (Pl's Mem. in Opp. to Mot. to Compel Arbitration, ECF No. 74, Exhibits B-C). This email was apparently sent from the Plaintiff to an AMC employee and it contained the arbitration agreement, signed. (Mot. to Compel Arbitration, ECF No. 73, Exhibit A.) Shortly thereafter, on October 12, 2016, counsel for the Defendant emailed the Plaintiff's counsel about this "email from Jared Hickle indicating that he did, in fact, sign the arbitration agreement." (ECF No. 74, Exhibits B.) The Plaintiff still maintained that he never signed the agreement. (ECF No. 74, at 2.)

The parties continued with the litigation. They engaged in discovery (*See, e.g.*, ECF No. 24-25), and attended one mediation session and three settlement conferences (*See* ECF No. 23, 39, 47, 61). The Defendant moved for summary judgement (ECF No. 32), which this Court granted in part (ECF No. 38); the Plaintiff appealed summary judgement (ECF No. 54). After arguments before the Sixth Circuit, the case was remanded to this Court (ECF No. 56). The case is currently

set for trial in November of 2020 (ECF No. 68). Four years after the Defendant withdrew its initial motion to compel arbitration the Defendant filed a second Motion to Compel Arbitration on August 11, 2020. (*Compare* ECF No. 17-18 *and* ECF No. 73.) That motion is ripe for review.

## II.

The Federal Arbitration Act ("FAA") provides that a party to an arbitration agreement who is aggrieved by another party's refusal to submit an arbitrable dispute to arbitration, may petition any federal district court which would otherwise have jurisdiction over the underlying matter in order to compel arbitration. 9 U.S.C. § 4. Under the FAA "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* § 2. "The FAA applies in the employment setting and agreements to arbitrate employment discrimination disputes have been enforced." *Jones*, 16 F. Supp. 3d at 929; *see also Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 376 (6th Cir. 2005) ("The Sixth Circuit has repeatedly applied the FAA to arbitration agreements formed in the employment setting."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (affirming the lower court's decision that the ADEA was not intended to preclude arbitration of claims).

Congress' primary concern in passing the FAA "was to enforce private agreements into which parties had entered, and that concern requires [courts to] rigorously enforce agreements to arbitrate . . . " *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Thus, "[i]n deciding the arbitrability of [a] dispute, [courts] begin with the presumption that the national labor policy favors arbitration." *United Steelworkers of Am. v. Cooper Tire & Rubber Co.*, 474 F.3d 271, 277 (6th Cir. 2007). The Supreme Court instructed that "[i]n absence of any express provision

excluding the particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where . . . the arbitration clause is quite broad." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 584–85 (1960). "Doubts should be resolved in favor of coverage." *Id.* at 583; *United States Steelworkers of Am.*, 363 U.S. at 583; *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.") (internal citations omitted); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) (noting the same).

"In evaluating motions or petitions to compel arbitration, courts treat the facts as they would in ruling on summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Jones*, 16 F. Supp. 3d at 930 (internal citations omitted); *Chambers v. Sun West Mortg. Co.*, No. 1:13-cv-399, 2014 U.S. Dist. LEXIS 72947, at *7 (S.D. Ohio May 28, 2014).

### III.

When considering a motion to compel arbitration under the FAA, the Court has four tasks: (1) "it must determine whether the parties agreed to arbitrate;" (2) "it must determine the scope of that agreement;" (3) "if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and" (4) "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000); *Chambers*, 2014 U.S. Dist. LEXIS 72947 at *10–11. The parties dispute whether there is an

arbitration agreement in this case. The Court need not decide whether the parties agreed to arbitrate because whatever arbitration rights the Defendant may have had it has since waived.

A party may waive an agreement to arbitrate by "(1) taking actions that are completely inconsistent with any reliance on an arbitration agreement," or "(2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" *Hurley v. Duetsche Bank Trust Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010) (citing *O.J. Distribution, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 356 (6th Cir. 2003)).

In *Hurley*, the defendants "consistently and actively" litigated the action for over two years before submitting a motion to compel arbitration. *Hurley*, 610 F.3d at 338. In that time, the plaintiffs incurred the costs of active litigation from extensive discovery, motions for summary judgement, and a change of venue. *Id.* at 340. The *Hurley* Court reasoned that the defendants' consistent and active litigation was inconsistent with any reliance on the arbitration agreement, and that the costs of active litigation incurred by the plaintiffs constituted actual prejudice. *Id.* For both reasons, the *Hurley* Court concluded that the defendants waived the right to rely on the arbitration agreement. *Id.* at 338, 340.

*Hurley* is far from an outlier. In *Johnson Assocs. Corp. v. HL Operating Corp.*, the Sixth Circuit held that the defendant waived its right to arbitrate by failing to assert its right for eight months. 680 F.3d 713, 720 (6th Cir. 2012). There, the appellate court concluded that the delay, coupled with the expenses of numerous scheduling motions, settlement discussions, and discovery, were completely inconsistent with any reliance on an arbitration agreement and resulted in actual prejudice to the plaintiff. *See id.* at 718, 720.

In *General Star National Insurance Co. v. Adminstratia Asigularilor de Stat*, the defendant waived arbitration by waiting 17 months before attempting to enforce the clause. 289 F.3d 434,

5

438 (6th Cir. 2002). Similarly, in *O.J. Distributing, Inc. v Hornell Brewing Co.*, the defendant waived arbitration by engaging in negotiations for roughly 15 months while disputing the agreement's existence, before asserting its right to arbitrate. 340 F.3d 345, 357 (6th Cir. 2003); *see also Manasher v. NECC Telecom.*, 310 Fed.Appx. 804, 806 (6th Cir. 2009) (the defendant waived any right to arbitration by "actively participating in litigation" without asserting its right to arbitrate for nearly a year.).

### i. Lack of Reliance

The Plaintiff asserts that the Defendant has waived any arbitration rights it may have had by taking actions that were completely inconsistent with any reliance on an arbitration agreement (ECF No. 74, at 10-11). The Defendant argues that its delay in enforcement of the arbitration agreement resulted from its reliance on the Plaintiff's assertion that he never signed the agreement (ECF No. 73, at 2). The Defendant now moves the Court to compel arbitration asserting that it "has since recovered proof" that the Plaintiff did in fact sign the arbitration agreement. *Id*. The Defendant's assertions are unpersuasive.

The evidence relied upon by the Defendant is an email from September of 2016, and counsel for both parties discussed that email together in October of the same year (ECF No. 74, Exhibits B-C). The Defendant had possession and actual notice of this evidence within about two months of withdrawing its original motion but did not file a second Motion to Compel Arbitration for another 46 months (ECF No. 73, *filed* 08/11/2020).

In the interlude, the Defendant has actively litigated this case. The parties engaged in extended discovery, one round of mediation, and three settlement conferences. The Defendant also filed a Motion for Summary Judgement. When the Court granted summary judgement in part, the Plaintiff appealed, and the Defendant filed a brief in opposition with the Court of Appeals.

The Defendant attempts to distinguish this case from the previously mentioned caselaw by arguing that unlike in those cases, here the Defendant did initially raise the issue of arbitration before withdrawing it due to Plaintiff's alleged misrepresentations (ECF No. 77, at 3). This distinction might have been significant if Defendant had reasserted its motion within a reasonable time of making this discovery, but here the Defendant's motion must be viewed in light of the substantial delay. At least 46 months have passed since the Defendant's discovery of the email upon which this motion is based, a far greater delay than in any of the cases the Defendant attempts to distinguish. Any distinction merited by Defendant's initial motion to compel arbitration is greatly outweighed by the Defendant's substantial delay in pursuing the matter.

In the circumstances presented here, the Court concludes the Defendant has waived any right to arbitration it may have had by "taking actions that are completely inconsistent with any reliance on an arbitration agreement[.]" *Id.*

### ii. Actual Prejudice

The Plaintiff asserts that granting this Motion to Compel Arbitration would result in actual prejudice to the Plaintiff. This Court agrees. On several occasions the Sixth Circuit has concluded that actual prejudice occurred where the delay in asserting one's right to arbitrate caused the opposing party to incur extensive "costs of active litigation." *See, e.g.*, *Hurley v. Duetsche Bank Trust Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010) (actual prejudice resulted from a delay of more than two years, during which the plaintiffs incurred attorneys' fees, and costs associated with discovery and motions for summary judgement.); *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 720 (6th Cir. 2012) (finding actual prejudice based on an eight month delay and expenses involved with discovery, numerous scheduling motions, and settlement conferences.)

7

The parties are now in the final stage of pre-trial litigation, having gone through discovery, numerous settlement conferences, and a motion for summary judgement. The case has even been through an appeal. The Plaintiff avers that to date the total cost of litigation incurred by the Plaintiff exceeds $150,000 (ECF No. 74, Exhibit E, ¶3). Compelling arbitration at this late stage in the proceedings after substantial delay and significant costs would cause actual prejudice to the Plaintiff.

Defendant asserts that compelling arbitration would not actually prejudice the Plaintiff because the parties are now fully prepared to present their case, and arbitration could expedite adjudication of the dispute due to the COVID-19 pandemic (ECF No. 73, at 10). This suggestion, however, is merely a speculation that does nothing to alter the facts as set forth in this decision. Indeed, the preparedness of the parties for trial weighs in favor of the Plaintiff's assertion that compelling arbitration would cause him actual prejudice.

In the circumstances presented here, the Court concludes the Defendant has waived any right to arbitration it may have had by delaying its assertion to such an extent that the Plaintiff will incur "actual prejudice" if the agreement is enforced. *Hurley*, 610 F.3d at 338. Therefore, the Defendant's Motion to Compel Arbitration is **DENIED**.

## IV.

Defendant asks that in the alternative, this Court should enforce the jury waiver found in the arbitration agreement. (ECF No. 73.) This request is not well taken. The Defendant has presented no basis for treating the jury waiver clause different from the rest of the arbitration agreement. Moreover, the clause the Defendant references concerns the waiver of both a "judge or jury trial" and it would be inconsistent to enforce that waiver as to a jury trial but not a bench trial (ECF No. 73, Exhibit A). The Plaintiff has demanded a jury trial since the start of litigation (ECF

8

No. 1, 2), a right afforded him under the Seventh Amendment of the U.S. Constitution. Therefore, the Defendant's request to enforce the jury waiver in the arbitration agreement is also **DENIED**.

**V.**

For the reasons stated above, Defendant's Motion to Compel Arbitration (ECF No. 73) is **DENIED.**

    **IT IS SO ORDERED.**


**10/20/2020**                                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                                     **EDMUND A. SARGUS, JR.**
                                                                                **UNITED STATES DISTRICT JUDGE**