**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JARED HICKLE,

     Plaintiff,

                             **Case No. 2:15-cv-3068**
   v.                         **JUDGE EDMUND A. SARGUS, JR.**
                                **Magistrate Judge Kimberly A. Jolson**

AMERICAN MULTI-CINEMAS, INC.,

     Defendant.

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff Jared Hickle's Motion to Strike Witnesses or, in the Alternative, Motion in Limine to Exclude the Testimony of Witnesses. (ECF No. 94). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion. (ECF No. 94).

I

Plaintiff is a former employee of Defendant American Multi-Cinemas, Inc., and claims Defendant violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and Ohio Revised Code § 4112.02 both by failing to promote and by wrongfully terminating Plaintiff because of his military status. (Am. Compl., ECF No. 2). Plaintiff filed suit against the Defendant over five years ago, on December 9, 2015 (Compl., ECF No. 1).

On June 6, 2016, as part of its initial disclosures, Defendant disclosed to Plaintiff a list of individuals likely to have discoverable information that Defendant might use to support its claims or defenses. That list included Jacqueline Adler, Keana Bradley, Tim Kalman, Stephanie McClelland, and Mary Melton-Miller. (*See* Def. Initial Disclosures, ECF No. 94-1). The parties

then engaged in discovery, which was originally ordered to close on November 15, 2016. (ECF No. 13). Upon joint motion, the Magistrate Judge extended discovery until January 31, 2017, at which date discovery closed. (ECF No. 25). After discovery closed the parties continued to engage in discovery and requested an extension to the dispositive motion deadline. (ECF No. 26). The Magistrate Judge extended discovery and the dispositive motion deadline until April 3, 2017, at which time witnesses were required to be disclosed, and after which witnesses could not be added absent good cause. (ECF No. 27).

Four years passed. In that time Defendant filed a motion for summary judgement, which was granted in part, appealed, and remanded. (ECF Nos. 32, 28, 54, 56).

Defendant did not supplement its disclosure of witnesses until March 12, 2021, when Defendant filed a document titled "Defendant's Supplemental Disclosure Under Rule 21(A)(1), and Rule 26(A)(3) Disclosure." (ECF No. 88). The document contains, among other things, Defendant's statement of witnesses. Defendant's statement of witnesses contains five previously undisclosed witnesses: Cordelia Day, Sharron Fowler (later spelled Sharron Felder), Ryan Adams, Jon Goodrich, and Allison Smart. (ECF No. 88). Later, on March 24, 2021, Defendant filed a supplemental disclosure of witnesses identifying Justin Johnson for the first time. (ECF No. 93). The following day Plaintiff moved to strike these six witnesses (Cordelia Day, Sharron Felder, Ryan Adams, Jon Goodrich, Allison Smart, and Justin Johnson), and alternatively moved to exclude their testimony. (ECF No. 94).[1]

At that time, the trial was set to occur on April 12, 2021. (ECF No. 84). Due to the Coronavirus Pandemic, the trial date was moved to May 10, 2021, but all deadlines that had already

---

[1] The six witnesses are five former employees and a current employee of Defendant. The former employee disclosed on March 23, 2021, Justin Johnson, apparently worked at the same location as Plaintiff and took leave for military service. (Resp. at 3, ECF No. 97). The current employee, Allison Smart, is Defendant's Director of Benefits. (*Id.*)

passed remained unchanged. (ECF No. 96). Most notably, the parties' statements of witnesses remained due on March 8, 2021. (ECF No. 96; *see also* ECF No. 84).

II

As part of the initial disclosures, a party must provide the other party with a list of "individuals likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A). If the disclosing party "learns that in some material respect the disclosure . . . is incomplete . . . and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[,]" then the disclosing party must supplement its disclosure "in a timely manner . . . ." Fed R. Civ. P. 26(e)(1)(A).

As part of the pre-trial disclosures, Federal Rule of Civil Procedure 26(a)(3)(A)(i) requires parties to include a statement of witnesses they expect to present or may call if needed. Rule 26(a)(3)(B) further states: "Unless the court orders otherwise, [pre-trial] disclosures must be made at least 30 days before trial." This Court ordered otherwise, ordering the disclosures to be made on March 8, 2021. (ECF Nos. 96, 84).

If a party fails to provide information as required by Rule 26(a) or (e), they may not use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may also impose other sanctions. *Id.* Five factors to consider when determining whether the failure to disclose was substantially justified or harmless include: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose

3

the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir.2014)).

III

Plaintiff moves to strike the six witnesses that Defendant disclosed, for the first time, only after the pre-trial disclosure deadline. In support, Plaintiff argues that Rule 26(e) requires timely supplementation and that Defendant should have identified the witnesses during discovery, not on the eve of trial. (Mot. at 3, ECF No. 94). Plaintiff further argues that if Defendant is allowed to call these witnesses at trial, it will prejudice Plaintiff who did not have an opportunity to depose these witnesses, speak with them, or otherwise engage in discovery related to them. (*Id.* at 4). And, Plaintiff argues that last minute discovery and depositions would not remedy the situation as it would be costly both in money and time—time Plaintiff needs to prepare for trial. For these reasons, Plaintiff submits that Defendant's failure to timely disclose the six witnesses is neither substantially justified nor harmless. In response, Defendant argues that it "satisfied Rule 26," but it would not object to pre-trial depositions; the witnesses should not come as a surprise to Plaintiff, and they will cause no disruption given the "ample time" to prepare in advance of trial. (Resp. at 2, ECF No. 97). Plaintiff's submission is well taken.

As an initial matter, Defendant's disclosures come four *years* after the close of discovery. The Court's discovery order is binding. Deadlines included. Defendant has not shown good cause for why it is supplementing its witness disclosures only now.

Defendant's disclosure of these six witnesses is also untimely under Rule 26(a)(3)(B). As part of the mandatory pre-trial disclosures the parties' statements of witnesses were due on March 8, 2021, but Defendant did not submit its statement of witnesses until March 12, 2021. As such, these disclosures missed the pre-trial disclosure deadline.

4

In addition, Defendant's disclosure of these witnesses is untimely under Rule 26(e). Under Rule 26(e) a party must supplement its incomplete initial disclosures in a timely manner after learning of their incompleteness. Fed. R. Civ. P. 26(e)(1)(A). However, Defendant has not given this Court any reason to conclude that the disclosures came shortly after Defendant learned that its initial disclosures were incomplete.

Defendant only suggests that it "recently identified" two of the six witnesses, and even then, Defendant does not elaborate on when it identified them. (Resp. at 3, ECF No. 97). One of these two witnesses is Allison Smart, Defendant's Director of Benefits, whom Defendant wishes to call to testify on Defendant's military leave procedure. (Resp. at 3, ECF No. 97). The suggestion that this witness was recently identified by Defendant is difficult to comprehend, given that the witness is the Defendant's own Director of Benefits. Defendant could have identified this witness long ago using minimal diligence.

Defendant also does not elaborate on when it "recently identified" Justin Johnson, the witness first disclosed on March 23, 2021. (*Id.*) This witness is particularly surprising, not only because the disclosure came latest, but also because Defendant would offer this witness as an allegedly "similarly situated" employee to Plaintiff. (*Id.*) According to Defendant, Johnson worked at the same location as Plaintiff, in a similar role, and took leave for military service. Yet, during discovery Plaintiff requested, "a list of all individuals employed at Defendant's AMC Easton location who requested leave off for military drill, training or any military obligation . . ." and to this, Defendant objected but stated "no other employee at Easton theatre had an extended military deployment . . . but individuals may have requested days off for drills." (Defendant's Responses and Objections to Plaintiff's Interrogatories, ECF No. 94-2, PageID 1428). It is a significant surprise that Defendant now discloses Johnson, and the surprise lacks an acceptable explanation.

Defendant's untimely disclosure of the six surprise witnesses is not harmless either, for this near to trial the surprise cannot be cured (without striking the witnesses, that is). The parties are now on the eve of trial, and Defendant has suddenly placed six new pieces on the map. If this was allowed, at the very least Plaintiff would now have to re-plan his trial strategy to account for the unknowns that *could* have been made known during discovery. Though Defendant states it would not object to pre-trial discovery, implying that the failure was harmless because it can be cured in this way, that argument fails. Plaintiff would have to expend significant time and money to depose six witnesses, and with the trial set for less than a month away, time is in short supply. Plaintiff would have to sacrifice time needed for trial prep to depose these witnesses, to Defendant's unfair advantage.

The timing of Defendant's response has further enflamed the harm from these six last-minute disclosures. Plaintiff filed the instant motion on March 25, 2021, and this Court held a telephone status conference with the parties on March 29, 2021, during which this Court raised the issue of the instant motion. Defendant stated, "we're prepared to file an opposition brief and we'll get that filed probably later today." (Telephone Status Conference, Transcript). Defendant did not file the opposition brief until April 14, 2021. Defendant's delay in responding has taken up much of the time that theoretically could have gone towards the suggested discovery cure. At this stage, under the facts of this case, a discovery cure is not a realistic option.

If this Court were to allow the witnesses, it could not fairly do so (if at all) without re-opening discovery and delaying the trial once again. The trial has already been delayed several times due to the Coronavirus Pandemic, and this case is now over five years old. As such, allowing Defendant to call these witnesses would disrupt the trial, yet another consideration weighing in favor of striking the witnesses.

This Court must also consider the importance of these witnesses. Defendant does not explain the importance of four of these witnesses: Cordelia Day, Sharron Felder, Ryan Adams, or Jon Goodrich. For Allison Smart, Defendant explains that she is a corporate witness who would testify about Defendant's military leave procedure. (Resp. at 3, ECF No. 97). However, Defendant's witness list includes other corporate witnesses who will apparently testify about Defendant's policies and procedures. (ECF No. 88). The probative value of Allison Smart's testimony is therefore substantially outweighed by the danger of needlessly presenting cumulative evidence. F.R.E. 403. And, regarding Justin Johnson, the last witness at issue, it does appear that Johnson may have potentially important testimony (assuming he is similarly situated to Plaintiff). However, the importance of that testimony is of lesser consideration than the unexplained and incurable surprise that Defendant's failure to timely disclose has cause.

Lastly, Defendant has not provided a sufficient explanation for why it failed to disclose these six witnesses in accordance with the discovery deadline, Rule 26(a), or Rule 26(e). This Court has already addressed the explanation regarding Allison Smart and Justin Johnson. Regarding the other four witnesses, Defendant appears to argue that no supplementation was necessary because these witnesses were mentioned in discovery. An exception in Rule 26(e) does relieve a party from its duty to disclose additional information where that information has otherwise been made known to the other party. However, the information needing supplemented is information about individuals "likely to have discoverable information. . . that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). And here, Defendant has not made a connection between the references to these individuals during discovery and information which Defendant might use to support its claims or defenses.

In short, Defendant has surprised Plaintiff with six witnesses on the eve of trial, four years after the close of discovery. After the untimely disclosure, Defendant suggested pre-trial discovery as a remedy, but only after a delay in responding that consumed a sizeable fraction on the remaining time until trial. These disclosures should have been made as initial disclosures, or timely supplemental disclosures under Rule 26(e). However, they were not made until after the pre-trial disclosure deadline. Having considered the five *Howe* factors, this Court finds that Defendant's untimely disclosure of these six witnesses was neither substantially justified nor harmless. Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), this Court strikes the following six witnesses: Cordelia Day, Sharron Felder, Ryan Adams, Jon Goodrich, Allison Smart, and Justin Johnson.

IV

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Strike (ECF No. 94). Defendant will not be allowed to use Cordelia Day, Sharron Felder, Ryan Adams, Jon Goodrich, Allison Smart, or Justin Johnson at trial.

**IT IS SO ORDERED.**

4/17/2021                              s/Edmund A. Sargus, Jr.
**DATE**                              **EDMUND A. SARGUS, JR.**
                                      **UNITED STATES DISTRICT JUDGE**